DONALD G. JONES *vs.* F. LEE BAILEY.

Suffolk.   December 11, 1972. — January 17, 1973.

Present: HALE, C.J., KEVILLE, & GRANT, JJ.

*Equity Pleading and Practice,* Exceptions, Appeal, Findings by judge, Amendment, Suit to reach and apply.   *Error,* Whether error shown. *Bills and Notes,* Payee's alternate remedies.

Error prejudicial to the defendant in a suit in equity was not shown by rulings of the trial judge, to which the defendant saved no exceptions, excluding certain evidence material to his defences and which was subsequently admitted. [44-45]

Where a case commenced by a bill in equity had by the time of trial lost all semblance of a suit in equity and constituted an action at law and the judge made a voluntary report of his findings, this court on appeal from the final decree declined to weigh the evidence reported and merely determined that such evidence amply supported the findings. [45]

The payee of a promissory note taken for the obligation of the maker under a building construction contract was entitled under G. L. c. 106, § 3-802 (1) (b), upon breach of the contract by the maker and his denial of liability on the note, to seek damages for breach of the contract instead of proceeding on the note. [45-46]

Upon appeal from a final decree in a suit in equity establishing an

indebtedness of the defendant to the plaintiff in a certain amount for breach of a contract, this court in the circumstances permitted the plaintiff to amend the suit into an action at law, and upon his filing a declaration alleging the facts in the conventional form and the allowance of the amendment by the Superior Court, an order for judgment for such amount should be entered in favor of the plaintiff. [46]

BILL IN EQUITY filed in the Superior Court on September 22, 1967.

The suit was heard by *Travers, J.*

*Gerald Alch* for F. Lee Bailey.

*Samuel Newman* for Donald G. Jones.

GRANT, J.   These proceedings were commenced by way of a bill in equity to reach and apply (G. L. c. 214, § 3[7] and [8]) the interest of the defendant Bailey (the defendant) in shares of the capital stock of Marshfield Aviation, Inc. (Aviation) in satisfaction of the indebtedness of Aviation to the plaintiff arising out of Aviation's alleged breach of a 1967 contract in writing between it and the plaintiff's assignor, Eastern Steel Building Co., Inc. (Eastern), relating to the construction by Eastern of a hangar at Marshfield Airport. The theory of the bill was that the defendant was liable to the plaintiff by reason of his having personally guaranteed Aviation's performance under the contract. The underlying documents attached to the bill as exhibits, including a negotiable promissory note of the defendant and Aviation made payable to the order of the plaintiff in the amount of $30,000, did not support that theory of liability. The Superior Court sustained a demurrer filed by the defendant and Aviation on the ground that the bill did not set forth facts sufficient to warrant relief to the plaintiff, who was given leave to move to amend.

The amended, and present, bill seeks to establish the indebtedness of the defendant and Aviation to the plaintiff on the same $30,000 note, and to reach and apply the defendant's interest in Aviation. The answer filed by the defendant and Aviation admitted the execution of the note but denied liability thereon and alleged a failure of consideration for the note and that it had been made and

delivered on conditions which had not been performed, and as the result of fraudulent inducements on the part of the plaintiff.

The defendant and Aviation expressly waived trial by jury. At the outset of the trial the court was advised by counsel that Aviation had been adjudicated bankrupt and that the plaintiff no longer sought relief against it. Indeed, during the course of an early colloquy counsel for the defendant asserted that "this complaint is, in substance, an action at law." The bill was not amended.

The trial judge found, or on the reported evidence could have found, the following basic facts. On July 1, 1967, Eastern entered into a contract in writing with the defendant and Aviation under which Eastern undertook to construct a hangar of given specifications at Marshfield Airport in return for a total consideration of $45,900 to be paid by the defendant and Aviation.[1] Of that total sum the amount of $4,590 was to be paid Eastern as a deposit, the amount of $11,310 was to be paid Eastern upon delivery of the required steel to the construction site, and the balance of $30,000 was to be covered by the installment note of the defendant and Aviation made payable to the order of the plaintiff which was the subject of the amended bill. Eastern was not permitted to construct the hangar and was never paid any amount under the contract.[2] Eastern was, at all material times, represented by the plaintiff, who was its president and sole stockholder; Aviation was represented by the defendant, who was its president and a substantial stockholder thereof. Eastern assigned the contract and its rights of enforcement thereunder to the plaintiff prior to the commencement of these proceedings.

The trial judge stated that he "[found] no evidence of

---

[1] Any doubt as to the defendant's personal liability on this contract is resolved by the following statement appearing in the defendant's brief: "Bailey signed a contract to build a hangar between [Aviation] and Bailey on the one hand, and [Eastern], on the other."

[2] It appears to have been common ground that nothing was ever paid on the note and that it was overdue. The terms of the note included one which permitted the holder, in the event of any default, to accelerate the entire unpaid principal balance and interest without notice to the makers.

any attempt to defraud by [the plaintiff]" and assessed damages in the amount of $11,370, which is the amount the plaintiff testified was the profit Eastern could have expected to receive under the contract if it had been allowed to perform thereunder. The case is now before us on the defendant's appeal from a final decree which established an indebtedness to the plaintiff in that amount, ordered the defendant to pay the same to the plaintiff, with interest, and dismissed the bill as to Aviation.

1. The defendant has argued at some length that he was prejudiced by the trial judge's exclusion of testimony to the effect that prior to the execution of the contract the plaintiff had made certain representations to the defendant with respect to his reputation, integrity and experience in connection with the construction of hangars at other airports in New England, that the defendant had told the plaintiff that he would investigate the plaintiff's reputation in that respect and might require the plaintiff to provide a performance bond to secure completion of the construction by Eastern if such investigation should indicate to the defendant that he could not recommend to the Marshfield Airport Commission that it approve the construction without such a bond,[3] that the plaintiff had promised to provide such a bond if requested by the defendant, that the defendant had made such investigation and subsequent to the execution of the contract had requested such a bond, and that the plaintiff had failed to supply the same.

Such evidence, if admitted, would have been material to certain of the defences interposed by the defendant's answer. The evidence was excluded by the trial judge on the ground that its admission would violate the parol evidence rule. We need not concern ourselves with the correctness of

---

[3] The commission acted on behalf of the town of Marshfield in leasing substantial portions of the airport to Aviation by a lease dated July 1, 1967, as subsequently amended. G. L. c. 90, § 51F. The commission did not, by the lease, retain any right to approve any contractor which Aviation might employ to construct a hangar for its use or any right to require that such a contractor provide a performance bond.

the various rulings made by the trial judge for the reason that the defendant failed to save exceptions to those rulings. *United States Fidelity & Guaranty Co.* v. *Sheehan,* 308 Mass. 321, 325. *Thompson* v. *Beliauskas,* 341 Mass. 95, 98. We note, however, that substantially all the evidence originally excluded, including extensive evidence of the plaintiff's reputation in connection with the construction of hangars, was subsequently admitted through other witnesses. It was in the face of the subsequent evidence that the judge declined to find an attempt by the plaintiff to defraud the defendant. The defendant has not demonstrated prejudicial error with respect to the rulings made.

2. The defendant urges us to weigh the evidence and to come to conclusions different from those expressed in the findings made by the trial judge in his voluntary report. This we decline to do. As has already been explained, this case had lost all semblance of a suit in equity by the time the trial commenced. Accordingly, we believe this is an appropriate occasion for us to confine our consideration to the usual question in an action at law, namely, whether the findings made by the trial judge were warranted by the evidence and the rational inferences to be drawn therefrom. *Matsushita Electric Corporation of America* v. *Sonus Corporation,* 362 Mass. 246, 250-251.[4] Tested by that standard the findings were amply supported by the evidence. The defendant does not contend otherwise.

3. The end result of the trial is that the judge held the defendant to respond in damages for breach of the construction contract which both he and Aviation were bound to perform. This was done on a theory different from the one expressed in the original bill and different from the one expressed in the amended bill. However, the judge's theory is a permissible one. The plaintiff was not obliged to

---

[4] The transcript of the evidence in this case is 400 pages long, and much of it is devoted to colloquies which are no longer significant. Under similar circumstances in the future we may require as a condition of review that the record be sent back to the trial court with an instruction to the party seeking review that he reduce the record to the summary form of bill of exceptions contemplated by G. L. c. 231, § 113, or to the outline form of bill of exceptions permitted by Rule 1:22 of this court. See the *Matsushita* case, 362 Mass. at 249-250.

proceed on the $30,000 note but could instead seek damages for breach of the underlying contract which gave rise to the note. G. L. c. 106, § 3-802 (1) (b), as inserted by St. 1957, c. 765, § 1.[5] See, as to the earlier law, *Feinberg* v. *Levine,* 237 Mass. 185, 186-187; *Cochrane* v. *Zahos,* 286 Mass. 173, 176-177.

In the present case most of the documentary and other evidence necessary to establish the defendant's liability on the construction contract came in without objection. No exception was taken to such of the evidence as was admitted over the defendant's objection, and there was no request that consideration of the evidence be limited to any particular purpose. In these circumstances we grant the request in the plaintiff's brief that he be permitted to amend his bill to conform to the evidence and the facts found. G. L. c. 231, §§ 51 and 125. G. L. c. 211A, §§ 5 and 10, as inserted by St. 1972, c. 740, § 1. *Kemp* v. *Kemp,* 248 Mass. 354, 358. *Joseph P. Manning Co.* v. *Shinopoulos,* 317 Mass. 97, 101. For the reasons expressed in the *Matsushita* case, 362 Mass. at 250, the present suit in equity is to be amended into an action at law (G. L. c. 231, § 55), with the facts alleged in the conventional form of declaration. Upon the allowance of such an amendment an order for judgment is to be entered in favor of the plaintiff and against the defendant in the amount of $11,370, together with an appropriate recomputation of interest.

The case is remanded to the Superior Court for further proceedings in conformity with this opinion.

*So ordered.*

---

[5] That section reads in pertinent part as follows: "Unless otherwise agreed where an instrument is taken for an underlying obligation ... (b) ... the obligation is suspended pro tanto until the instrument is either due.... If the instrument is dishonored action may be maintained on either the instrument or the obligation."