J. B. and Robert E. O'NEILL, a partnership, Plaintiffs and Appellants,

v.

Harvey STEPPAT and Fred Steppat, Defendants and Respondents.

No. 12177.

Supreme Court of South Dakota.

On Reassignment Submitted on Briefs April 27, 1978.

Decided Sept. 28, 1978.

Rehearing Denied Nov. 7, 1978.

Mark V. Meierhenry and Judith Meierhenry, Vermillion, for plaintiffs and appellants.

Lee A. Tappe of Tappe & Vavra, P. C., Platte, for defendants and respondents.

PORTER, Justice (on reassignment).

## CASE SUMMARY

This appeal presents a question dealing with the interrelationship between various Articles of the Uniform Commercial Code. The trial court concluded that the UCC Article 2 four-year statute of limitations applies to an action to collect on a promissory note given in part payment of a contract for sale. The court granted defendant buyers' motion for summary judgment. We reverse.

## FACTS

On August 31, 1970, sellers and buyers entered into a purchase agreement concerning the sale of a business in Gregory, along with certain personal property. The pur-

chase price for the fixtures, equipment, and tools was $2,487.50 and for the parts inventory was $13,165.36. The schedule of payments was to be as follows: $1,000.00 on signing the contract; $9,000.00 on September 15, 1970; $5,000.00 on January 1, 1971; and the balance on September 1, 1971. The unpaid balance of the purchase price was to draw interest at eight percent.

Buyers executed and delivered to sellers their promissory note, financing statement and security agreement covering all equipment, tools and merchandise used or held by buyers in connection with the business that was transferred. The note was executed on October 15, 1970, for $6,516.82, to become due on September 1, 1971, with eight percent interest.

Sellers sued on December 29, 1975, to recover the amount of the note due on September 1, 1971, plus interest. The action was, therefore, brought over four years after the due date. The trial court granted buyers' motion for summary judgment, based on the four-year statute of limitations set out in SDCL 57–8–61, UCC § 2–725(1). Sellers contend that the applicable statute is SDCL 15–2–13, which sets a six-year limitation on actions to recover on obligations. The trial court, after noting the paucity of legal authority on the question, concluded that the action was one for the breach of a contract for sale and that SDCL 57–8–61, UCC § 2–725(1), bars the action.

## DECISION

■ Sellers have sought to recover on the note, not on the contract. That the note might have been given in payment for a contract for sale is not relevant in this action, except insofar as defenses to the underlying obligation may be asserted as defenses to an action on the note. *See* SDCL ch. 57–12, UCC §§ 3–301 to 3–307. Buyers, by signing a negotiable note, made a separate promise:

The maker or acceptor [of a negotiable instrument] engages that he will pay the instrument according to its tenor at the time of his engagement or as completed pursuant to § 57–10–23, [UCC § 3–115(1)]. SDCL 57–13–29, U.C.C. § 3–413(1).

This separate promise gives rise to a separate remedy on the note, as indicated by SDCL 57–17–5, UCC § 3–802(1):

Unless otherwise agreed where an instrument is taken for an underlying obligation

(1) The obligation is pro tanto discharged if a bank is drawer, maker or acceptor of the instrument and there is no recourse on the instrument against the underlying obligor; and

(2) In any other case the obligation is suspended pro tanto until the instrument is due or if it is payable on demand until its presentment. *If the instrument is dishonored action may be maintained on either the instrument or the obligation* ; discharge of the underlying obligor on the instrument also discharges him on the obligation. (Emphasis added.)

Since a bank is not the drawer, maker or acceptor of the instrument, subsection (2) is applicable. The clear intent is that the holder of a note taken for an underlying contract has a choice of remedies. He can sue on the note or the underlying contract. *Humble Oil & Refining Co. v. Copely*, 213 Va. 449, 450, 192 S.E.2d 735, 736 (1972); *Jones v. Bailey*, 1 Mass.App. 41, 294 N.E.2d 599, 602 (1973). Sellers chose to sue on the note.

■ We must then determine what statute of limitations applies to actions on a note under UCC Article three. Since Article 3 has no statute of limitations, we refer to SDCL 15–2–13(1), which provides a six-year limitation on actions "upon a contract, obligation, or liability, express or implied . . . ." The action was therefore timely.

Buyers argue that since the underlying contract was one for sale of goods under UCC Article 2, the four-year statute of limitations, SDCL 57–8–61, UCC § 2–725(1), should bar the action. This argument is without merit. SDCL 57–8–1, UCC § 2–701 provides that:

Remedies for breach of any obligation or promise collateral or ancillary to a contract for sale are not impaired by the provisions of chapters 57–2 to 57–8, [UCC Article 2] inclusive.

The promissory note is an "obligation or promise collateral or ancillary to" any contract for sale. II Anderson, Uniform Commercial Code § 2–701:3 at 319 (1971). The remedy on the note is thus not impaired by the Article 2 statute of limitations, SDCL 57–8–61, UCC § 2–725(1).[1]

We therefore reverse the judgment and remand the case for trial.

All the Justices concur.

---

1. Since sellers in this case seek to recover on the note, and we have held that the action on the note is not barred by the UCC Article two statute of limitations, we do not find it necessary to determine whether the contract for sale is governed by Article two. *See Foster v. Colo-rado Radio Corp.*, 381 F.2d 222 (10th Cir. 1967); *Meister v. Arden-MayFair, Inc.*, 276 Or. 517, 522, 555 P.2d 923, 926 (1976); *Melms v. Mitchell*, 266 Or. 208, 512 P.2d 1336, 65 A.L.R.3d 376 (1973).