Hamlin, J.
This case is an action in contract wherein the plaintiff, Farm Engineering Service, Inc., seeks to recover the sum of $6,683.87 allegedly due and owing by the defendant, Fred Jamara a/k/a Fred F. Jamara for the construction of a dairy structure and related equipment on the defendant’s premises at North Brookfield, Massachusetts, in the County of Worcester. Farm Engineering Services, Inc. is a Vermont corporation having its principal place of business at Route 7 South, Middlebury, Vermont.
On or about January 30, 1980, the plaintiff filed a complaint in the Boston Municipal Court, Suffolk County, alleging that the plaintiff “is a Vermont corporation, having a usual place of business in Boston, Suffolk County.’ ’ The complaint further alleged that the defendant lives ‘ ‘at Hillside Road, North Brookfield, Worcester County,’’ and that the work for which the sum of money is allegedly due and owing was “ .. .furnished and constructed for the defendant by the plaintiff at the defendant’s premises at North Brookfield, Massachusetts...”
Also filed with the court by the plaintiff was a Motion for Approval of Attachment of the defendant’s real estate located in Worcester County for $9,000. The accompanying affidavit of William Fleming, President and General Manager of Farm Engineering Services, Inc., stated that the plaintiff was “a Vermont corporation having its principal place of business at Route 7 South, Middlebury, Vermont. ’ ’ Further, the affidavit stated that the plaintiff and the defendant entered into a building contract, dated November 17, 1977. A copy of the contract attached to the affidavit and marked “A” bears the heading of the plaintiff corporation’s name and the address (as stated in the complaint) of Middlebury, Vermont for the plaintiff, and North Brookfield, Massachusetts, for the defendant. The plaintiff alleges that it performed everything required under the contract and that therefore the above-mentioned sum is owing in accordance with said contract.
On or about February 1, 1980, service of the above pleadings was made on the defendant. On or about February 6, 1980, the defendant filed a notice of special appearance and a motion to dismiss for lack of venue with supporting affidavit by the defendant Fred Jamara. The motion alleged as grounds for dismissal “.. .that the plaintiff, Farm Engineering Service, Inc., does not have and never did have a usual place of business in Boston, Massachusetts, but the usual place of business of the plaintiff *72 corporation is in fact in Middlebury, Vermont, and has always been in Middlebury, Vermont, all in acordance with the Affidavit attached hereto.”
The accompanying affidavit of Fred Jamara alleged the following:
(1) that the defendant’s address was Hillside Road, North Brookfield, County of Worcester, Massachusetts;
(2) that the defendant entered into a contract with the plaintiff whose address was Route 7 South, Middlebury, Vermont;
(3) that the defendant dealt with William Fleming, president and general manager of the plaintiff corporation;
(4) that all business the defendant conducted with the plaintiff corporation was through its Vermont office;
(5) that the defendant never knew or was told that the plaintiff corporation had an office in Boston, Massachusets;
(6) that William F. Fleming at all times represented to the defendant that his place of business was in Middlebury, Vermont, and that all corespondence, bills, telephone calls and dealings were directed to the defendant by the plaintiff from Middlebury, Vermont; and
(7) that the first and only time the defendant heard that the plaintiff corporation said it had a Boston office was when the complaint was received from the Sheriff, and further that the defendant had never done any business with the Boston, Massachusetts office of said corporation, and did not know such office was in existence.
On February 22, 1980, the hearing on the defendant’s motion to dismiss for lack of venue was held. At the hearing, the plaintiffs counsel filed an affidavit stating only that he was the counsel of record; that attached to the affidavit was a certified copy of a Foreign Corporation Certificate as filed with the Massachusetts Secretary of State; and that the Certificate had been approved and filing fee paid on November 28, 1977.
The Foreign Corporation Certificate filed in compliance with G.L.c. 181, § 4 states in relevant part that the plaintiff corporation is organized under the laws of Vermont, that such date of organization is April 22, 1976, and that the location of its principal office is the Middlebury, Vermont address stated on the complaint. Further stated are the following:
5. A brief description of the activities of the corporation within the Commonwealth of Massachusetts is as follows: Design and construction of buildings and structures of all kinds.
6. The location of its local office in the Commonwealth of Massachusetts, if any, is: 84 State Street, Boston, MA 02109.
7. The name and address of its resident agent in the Commonwealth of Massachusetts, if any, is: The Prentice-Hall Corporation System, Inc., 84 State Street, Boston, Massachusetts 02109.
8. The date on which the corporation’s fiscal year ends is: March 31.
The certificate was signed in November of 1977. Just preceding the signatures is the following paragraph:
The corporation hereby appoints the Secretary of the Commonwealth of Massachusetts and his successor in office to be its attorney in and for Massachusetts, upon whom all lawful process in any judicial or administrative proceeding in Massachusetts may be served so long as any liability incurred in the Commonwealth of Massachusetts while it was doing business in said Commonwealth shall remain outstanding, (emphasis added)
All of the foregoing information was contained in the documents which were before the trial judge on the motion to dismiss. Each of the above documents was referred to in the trial judge’s Report and appended thereto as exhibits. The report states that it “contains all the evidence material to the question reported.”
*73 G.L.c. 223, § 2, provides in relevant part: “ .. .A transitory action in a district court shall be brought in the county where one of the parties lives or has his usual place of business ...” The controlling period of time in determining venue is the time when the suit was brought. Merchant’s Insurance Co. v. Abbott, 131 Mass. 397, 406.
Usual place of business for purposes of venue means a place where one actually conducts business, Hanley v Eastern Steamship Corporation, 221 Mass. 125, 130-133 (1915); Rhodes v. Salem Turnpike and Chelsea Bridge Corporation, 98 Mass. 96-97 (1867), not simply where one may be doing business. See G.L.c. 181, § 3, which states in relevant part: “Every foreign corporation which does business in the Commonwealth ... or which has a usual place of business in the Commonwealth... shall be considered to be doing business in the Commonwalth for purposes of this chapter. . .governing foreign corporations.” (emphasis added).
G.L.c. 181, § 4, requires that every foreign corporation doing business in the Commonwealth shall file a certificate with the Secretary of State stating among other information:
“(4) the location of its local office, if any, and the name and address of its resident agent, if any ... .”
G.L.c. 181 allows a foreign corporation to designate a resident agent for the purposes of accepting service on behalf of the foreign corporation after service has been made on the Secretary of State pursuant to G.L.c. 181, § 15. A resident agent is required when a foreign corporation is doing business in Massachusetts.
The test to be applied by a judge sitting in an appellate capacity is “ .. .namely, whether the findings made by the trial judge were warranted by the evidence and the rational inferences to be supported therefrom.” Matsushita Electronic Corporation of America v. Somers Corporation, 362 Mass. 246, 250-251 (1972); Jones v. Bailey, 1 Mass. App. Ct. 41, 45 (1973).
In the case at bar, the court has made the general finding that the trial judge denied the defendant’s motion to dismiss the action for lack of venue. However, it is of significance to note that the Appellate Division had before it all the documentary evidence that was before the trial judge and therefore “stands in the place of the trial judge in respect to drawing inferences of fact from the evidence. ’ ’ Ste. Matsushita Electronic Corporation of America v. Somers Corporation, 362 Mass. 246, 251 (1972), where the Supreme Judicial Court drew the distinction between law and equity for purposes of appellate review, a distinction this court invokes under G.L.c. 231, § 110 for purposes of the case at bar.
G.L.c. 231, § 110 states that the Appellate Division “ .. .shall have discretionary power.. .to render decision according to the justice of the case.” The case at bar requires the exercise of such discretionary power in order that justice be done. See Schubach et al. v. Household Finance Corp., Mass. Adv. Sh. (1978) 1153.
In examining the documentary evidence before the trial judge, this court finds that based upon the documentary evidence and reasonable inferences to be drawn therefrom the “justice of the case” demands a reversal of the trial judge’s action. The plaintiff did not have “a usual place of business” in Suffolk County. The Foreign Corporation Certificate introduced by the plaintiff reveals that at best the plaintiff had a local office in Massachusetts at 84 State Street and listed the name and address of its resident agent as The Prentice-Hall Corporation System, Inc. at 84 State Street, Boston, Massachusetts 02109. Prentice-Hall is a corporation which acts as a professional resident agent for service of process for foreign corporations. The certificate filed with the court was out of date, having been approved November 28, 1977. G.L.c. 181, § 4 mandates that every corporation file annually on or before the fifteenth day of the third month following the close of its fiscal year a report of condition stating among other information “(3) the location of its local office, if any, and the name and address of its resident agent, if *74 any.”[2]
Based upon the pleadings, affidavits, the Foreign Corporation Certificate, and the reasons requiring it to be filed, the Appellate Division finds the decision of the trial judge to be"against the weight of the evidence. The report is allowed.
Thp court orders judgment entered on Motion to Dismiss for Lack of Venue reversed.

 Defense counsel appended to his appellate brief the latest statement of condition of the plaintiff corporation dated December 14, 1979 which was in effect when suit was brought in the case at bar. Since this statement of condition was not before the trial judge, the Appellate Division has not considered in rendering its decision the fact that inquiry #5, ‘ ‘the location of its local office in Massachusetts’ ’ is answered ‘ ‘none. ’ ’ Defense counsel in his brief stated that because the plaintiff filed the Foreign Certificate on the day the motion was heard he did not have an opportunity to present the trial judge with the latest certificate of condition.