**FALLIMENTO C.Op.M.A.,**
**Plaintiff–Appellant,**

v.

**FISCHER CRANE COMPANY,**
**Defendant–Appellee.**

No. 92–3015.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 16, 1993.

Decided June 16, 1993.

Reuben A. Bernick (argued), Rudnick & Wolfe, Chicago, IL, for plaintiff-appellant.

Thomas J. Dillon, Roger J. McFadden, Tyrrel J. Penn (argued), McFadden & Dillon, Chicago, IL, for defendant-appellee.

Before CUMMINGS and COFFEY, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

COFFEY, Circuit Judge.

Fallimento C.Op.M.A. ("Fallimento") brought a diversity suit against the Fischer Crane Company ("Fischer") alleging that Fischer failed to make payment on promissory notes in the amount of $250,311. Fallimento is an Italian business organization with its principal place of business in Italy and Fischer is a Delaware Corporation with its principal place of business in Lemont, Illinois. The district court granted Fischer's Fed.R.Civ.P. 12(c) motion for judgment on the pleadings because Fallimento failed to bring the action within four years from the time the claim accrued as required by Ill. Rev.Stat. ch. 26, § 2–725 (1992). We affirm.

## I. BACKGROUND

C.Op.M.A., Fallimento's predecessor in interest, sold and delivered to Fischer supplies for various C.Op.M.A. hydraulic cranes. In payment, Fischer executed promissory notes for $250,311, due 120 days after the delivery of the equipment. Although the promissory notes became due in the latter part of 1982, Fischer failed to tender payment. Fischer claims that it did not pay the notes because C.Op.M.A. breached various contractual warranties going to the quality and fitness of the goods.

Fallimento filed the present action on November 19, 1991. On April 22, 1992, Fischer filed a motion for judgment on the pleadings. Fischer based its motion on the affirmative defense of the statute of limitations, arguing that Fallimento's claims were barred by the four-year statute of limitations set forth in Ill.Rev.Stat. ch. 26, § 2–725, dealing with actions on contracts for the sale of goods.

Fallimento's response to the motion for judgment on the pleadings asserted that the applicable statute of limitations was the Illinois ten-year statute of limitations for actions on promissory notes. Ill.Rev.Stat. ch. 110, § 13–206. The basis of Fallimento's position is that the promissory notes are separate and distinct from the contract for the sale of the crane supplies.

On July 29, 1992, the district court granted Fischer's motion for judgment on the pleadings. The court found that the case involved a buyer/seller transaction, not one of borrower and lender as covered by Ill.Rev.Stat. ch. 110, § 13–206. Further, the district court held that the express exception in § 13–206 (excluding § 2–725 actions for contracts of sale from the 10–year statute of limitations) applied because the promissory notes were inseparable from the underlying contract for the sale of goods.

## II. ISSUE

Fallimento raises one issue on appeal: whether a promissory note executed as payment for goods delivered under a contract is subject to the Illinois contract law four-year statute of limitations, Ill.Rev.Stat. ch. 26,

§ 2–725, or the ten-year statute of limitations governing promissory notes, Ill.Rev.Stat. ch. 110, § 13–206.

## III.  DISCUSSION

### A.

We review a Rule 12(c) motion for judgment on the pleadings *de novo.* "[T]he courts have held that a motion for judgment on the pleadings is subject to the same standard as a motion for dismissal for failure to state a claim." *Thomason v. Nachtrieb,* 888 F.2d 1202, 1204 (7th Cir.1989). "The motion should not be granted unless it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Id.* We "view the facts in the complaint in the light most favorable to the nonmovant." *Id.*

Actions on promissory notes are governed by Ill.Rev.Stat. ch. 110, § 13–206, which provides in relevant part:

"Ten-year limitation. *Except as provided in § 2–725 of the 'Uniform Commercial Code,'* actions on bonds, promissory notes, bills of exchange, written leases, written contracts, or other evidence of indebtedness in writing, shall be commenced within ten years after the cause of action accrued."

*Id.* (emphasis added).  Section 2–725 states:

"An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued.  By the original agreement the parties may reduce the period of limitation to not less than one year but not extend it."

Ill.Rev.Stat. ch. 26, § 2–725.

Fallimento offers two arguments supporting their right to pursue a separate action on the promissory notes: (1) that the relationship with Fischer on the promissory notes was one of debtor and creditor, not one of buyer and seller; and (2) that Ill.Rev.Stat. ch. 26, § 3–310 allows the plaintiff to separate the contract for the sale of the crane supplies from the promissory notes and pursue an action on the notes alone.  Ultimately, we are called upon to determine the scope of the exception contained in § 13–206's ten-year statute of limitations.

### B.

The plaintiff, Fallimento, argues that the promissory notes were evidence of a debtor/creditor relationship and that the suit was based solely on the notes and not on the underlying sale of goods.  The plaintiff claims that the district court erred in reading the complaint as a suit for breach of contract, because the complaint never referred to the underlying contract for the sale of goods.  Fallimento relies on *Harris Trust and Savings Bank v. McCray,* 21 Ill.App.3d 605, 316 N.E.2d 209 (1974), to support its claim that the ten-year statute of limitations governs this case.  In *Harris,* the plaintiff, a credit card issuer, sued the defendant, a cardholder, to recover the balance due on her credit card.  The plaintiff's cause of action accrued in 1967, but the complaint was not filed until 1972.  The defendant argued that her purchases made with the plaintiff's credit card gave rise to a contract for the sale of goods, which was governed by § 2–725's four-year statute of limitations.  *Id.* 316 N.E.2d at 210.  The court held that the credit cardholder's pledge to pay the bank for monthly charge debts incurred from using the card was not in exchange for the bank's promise to deliver goods.  Rather, the cardholder's promise was given in exchange for the bank's pledge to extend a line of credit to the cardholder.  In the relationship between the bank and the cardholder in *Harris Trust,* there was not a contract for the sale of goods; thus, the court applied the ten-year statute of limitations governing promissory notes.  In the case before us, Fallimento's reliance on *Harris Trust* is misplaced because there is an underlying contract for the sale of goods between the debtor (Fischer Crane) and the creditor (Fallimento).  Therefore, *Harris Trust,* which did not involve the sale of goods, is distinguishable from the case before us which involves a sale of goods.

Fischer and the district court have relied on *Citizen's National Bank v. Farmer,* 77 Ill.App.3d 56, 32 Ill.Dec. 740, 395 N.E.2d 1121 (1979), which describes the distinction between a buyer/seller relationship and a

debtor/creditor relationship. In *Citizen's*, the defendant promised to pay a car dealership for a car under the terms of a retail installment contract. The plaintiff, a bank, purchased the installment contract from the car dealership. *Id.* 32 Ill.Dec. at 741, 395 N.E.2d at 1122. Unlike *Harris Trust*, the plaintiff did not loan money to the defendant based solely on the defendant's promise to pay. Rather, the plaintiff bank stepped into the shoes of the car dealership, which had accepted the defendant's promise to pay in exchange for the car. The plaintiff thus assumed the position of the seller in a buyer/seller relationship. Because the debtor's obligation to pay was not "separate and distinct" from the contract for the sale of goods, the court appropriately applied the § 13–206 exception and barred plaintiff's action under § 2–725's four-year statute of limitations. *Citizen's Nat'l Bank*, 32 Ill.Dec. at 742, 395 N.E.2d at 1123.

Fallimento also relies on a South Dakota case, *O'Neill v. Steppat*, 270 N.W.2d 375 (S.D.1978), to support its claim that the ten-year limitations period applies. The facts in *O'Neill* are similar to the instant case; however, the pertinent state statute clearly differs from the Illinois statute. *O'Neill* involved the sale of a business (fixtures, equipment, tools and inventory) in exchange for a promissory note. The buyers failed to make payment but the sellers did not initiate their action until more than four years after the breach. The sellers argued that they were suing on the note and not on the contract for sale of goods. The court accepted this argument and held that the suit was timely under South Dakota's six-year statute of limitations for contracts. *Id.* at 376. There is a key distinction between *O'Neill* and the instant case: the South Dakota statute of limitations on promissory notes is only six years and does not contain a clear exception for contracts pertaining to sales of goods; whereas the Illinois statute of limitations on promissory notes is ten years and does contain an express exception for sales of goods. *Compare* S.D.Codified Laws Ann. § 15–2–13 *with* Ill.Rev.Stat. ch. 110, § 13–206. Because of this statutory distinction, *O'Neill* is of little value as persuasive authority for the instant case.

### C.

Finally, Fallimento argues that Ill.Rev. Stat. ch. 26, § 3–310 allows it to separate Fischer's promise to pay (the promissory notes) from the underlying contract for sale of goods because the promise to pay was a negotiable instrument. The statute states:

"(3) Except as provided in paragraph (4), if the check or note is dishonored and the obligee of the obligation for which the instrument was taken is the person entitled to enforce the instrument, the obligee may enforce either the instrument or the obligation."

Ill.Rev.Stat. ch. 26, § 3–310. Fallimento contends that the statute permits it to maintain a separate action on the promissory notes. This is the same argument the Appellate Court of Illinois rejected in *Citizens National Bank*. "The obligation to pay is a fundamental part of the contract for sale. It is not, as plaintiff suggests, separate and distinct from the transfer of the physical possession of the [goods]." *Citizen's Nat'l Bank*, 32 Ill.Dec. at 742, 395 N.E.2d at 1123. Even if Fallimento could maintain a separate action on the promissory notes, the four-year statute of limitations would still apply because the notes represent a promise to pay for goods sold and § 13–206 excludes contracts for sale from the ten-year limitations period. "The explicit exception to this 10-year limitations period—section 2–275 of the Uniform Commercial Code—requires an action for breach of any contract for sale to be commenced within *four* years after the cause of action has accrued." *Id.* at 741–42, 395 N.E.2d at 1122–23. The important fact is not what the promise to pay is labelled (i.e., promissory note or negotiable instrument), but that the promise to pay was made in exchange for a promise to sell goods. While § 3–310 may allow a plaintiff to pursue an action on either a negotiable instrument or the underlying obligation, § 3–310 does not allow the negotiable instrument to escape being characterized as a promise to pay for goods and the corresponding four-year statute of limitations. *See* Ill.Rev.Stat. ch. 110, § 13–206.

Here, Fallimento promised to sell and deliver crane supplies, a transaction covered by Article 2 of the U.C.C., and in exchange Fischer promised to pay $250,311. It does not matter whether the promise to pay is called a promissory note, a negotiable instrument or by any other name. The key is that the promise to pay was made as part of a contract for sale covered by U.C.C. Article 2. When a promise to pay is made in exchange for a promise to sell goods, the promise to pay does not escape § 13–206's exception. We, therefore, hold that the plaintiff's action is barred by Illinois' four-year statute of limitations.

AFFIRMED.