FILED
COURT OF APPEALS
DIVISION II

2014 FEB -4 AM 9: 16

STATE OF WASHINGTON

BY_____
BEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| ALPACAS OF AMERICA, LLC, a Washington limited liability company, | No. 44018-1-II |
| Appellant, | |
| v. | |
| SAM and ODALIS GROOME, husband and wife, | PUBLISHED OPINION |
| Respondents. | |

JOHANSON, A.C.J. — Alpacas of America, LLC (AOA) appeals the trial court's dismissal of its lawsuit to recover on two promissory notes that Sam and Odalis Groome executed in conjunction with sales contracts. At issue in this appeal is whether the four-year statute of limitations for sales contracts or the six-year statute of limitations for negotiable instruments applies here. The parties agree that the six-year statute applies if the notes qualify as "negotiable instruments" under article 3 of the Washington Uniform Commercial Code (WUCC), Title 62A RCW. We hold that the promissory notes here are negotiable instruments because they contain unconditional promises to pay despite referencing the underlying sales contracts. Accordingly, we also hold that the six-year statute of limitations applies, reverse the trial court's dismissal of AOA's complaint, which relied on an application of the four-year statute of limitations, and remand for further proceedings consistent with this opinion.

Additionally, we reverse the trial court's attorney fees award to the Groomes because they are no longer the prevailing party entitled to attorney fees.

## FACTS

The Groomes twice entered into sales contracts with AOA to purchase alpacas, and both times they financed the purchases. First, on January 14, 2006, the Groomes purchased "Phashion Model" and financed $18,750 over four years. Second, on January 13, 2007, they purchased "Black Thunder's Midnight" and financed $20,250. In conjunction with each sales contract, the Groomes executed a promissory note, outlining a payment schedule to satisfy the alpaca purchases. Each promissory note contained a security agreement.

In April 2012, AOA sued the Groomes, alleging that in October 2007, the Groomes stopped making payments and defaulted on the promissory notes. In its complaint, AOA alleged that the Groomes purchased alpacas from AOA pursuant to the sales contracts and promissory notes. AOA attached the 2006 and 2007 sales contracts and promissory notes to its complaint.

The Groomes filed a CR 12(b)(6) motion to dismiss AOA's claim, arguing that the four-year statute of limitations under WUCC article 2 for the sale of goods had expired. AOA argued that its action was on the promissory notes which were negotiable instruments and, therefore, the six-year statute of limitations for negotiable instruments under WUCC article 3 applied.

The trial court granted the Groomes' CR 12(b)(6) motion, finding that the four-year statute of limitations on WUCC article 2 actions applied here because AOA did not base its action on a negotiable instrument. The trial court reasoned that the promissory notes were not negotiable instruments because they enforced the sales contracts, the sales documents all referenced one another, the Groomes signed the contracts and promissory notes at the same time in conjunction with one another, and AOA attached both the contracts and promissory notes to

2

its complaint. The trial court ultimately found that the sales contracts and promissory notes were part of the same transaction, not separate transactions and, thus, the promissory notes could not be characterized as negotiable instruments under WUCC article 3.

AOA then unsuccessfully moved for reconsideration. Later, the trial court granted the Groomes attorney fees as the prevailing party pursuant to the sales contracts and promissory notes.

AOA appeals the trial court action dismissing AOA's complaint on a CR 12(b)(6) motion, as well as its denial of AOA's reconsideration motion. AOA also appeals the trial court's attorney fees award to the Groomes.

## ANALYSIS

### I. STATUTE OF LIMITATIONS

AOA first argues that the trial court improperly applied the four-year statute of limitations for claims arising from the sale of goods set forth in RCW 62A.2-725, rather than the six-year statute of limitations for claims arising from negotiable instruments set forth in RCW 62A.3-118. We agree and reverse the trial court. Because the promissory notes used to secure payment on the sales contracts were not subject to or governed by the sales contracts, they remain negotiable instruments governed by WUCC article 3 and subject to a six-year statute of limitations.

### II. STANDARD OF REVIEW AND RULES OF LAW

We review de novo a trial court's order dismissing a claim under CR 12(b)(6). *Kinney v. Cook*, 159 Wn.2d 837, 842, 154 P.3d 206 (2007). We review the denial of a motion for reconsideration for an abuse of discretion. *Brinnon Grp. v. Jefferson County*, 159 Wn. App. 446, 485, 245 P.3d 789 (2011).

3

WUCC article 2 governs the sale of goods. RCW 62A.2-102. Under WUCC article 2, the price of goods may be payable in money or otherwise. RCW 62A.2-304. If a promissory note is taken for an obligation, such as an obligation to pay for goods sold, the obligation is suspended and subsequently discharged to the extent the note is paid. RCW 62A.3-310(b). When the note holder is also the obligee, the obligee may enforce either the note or the obligation. RCW 62A.3-310(b)(3). A plaintiff must commence an action for breach of a sales contract within four years after the cause of action accrued. RCW 62A.2-725(1).

WUCC article 3 governs negotiable instruments, which can include promissory notes. RCW 62A.3-102; RCW 62A.3-104. Under WUCC article 3, an action to enforce a party's obligation to pay a note payable at a definite time that qualifies as a negotiable instrument must be commenced within six years after the due date stated on the instrument. RCW 62A.3-118(a).

A. THE PROMISSORY NOTES ARE NEGOTIABLE INSTRUMENTS

The dispositive question is whether the promissory notes here are negotiable instruments, such that they are subject to WUCC article 3's six-year statute of limitations. A negotiable instrument contains an "unconditional promise or order to pay a fixed amount of money." RCW 62A.3-104(a). Under RCW 62A.3-106(a), a promise or order to pay is unconditional unless it contains an express condition to payment and states that (1) the promise or order to pay is subject to or governed by another writing or (2) rights or obligations with respect to the promise or order to pay are stated in another writing. A reference to another writing does not of itself make the promise or order conditional. RCW 62A.3-106(a). We analyze the promissory notes' contents to determine whether the notes' holder could determine her or his rights, duties, and obligations with respect to the payment on the notes without having to examine any other documents. *See* RCWA 62A.3-106 cmt. 1.

4

The Groomes argue that the two promissory notes are not negotiable instruments for three reasons. First, both notes state that the indebtedness evidenced by the notes is "pursuant to" the corresponding sales contract. However, RCW 62A.3-106(a) provides that "[a] reference to another writing does not of itself make the promise or order conditional."[1] For purposes of determining whether a reference to an outside writing destroys a note's negotiability, the language "pursuant to" is not the same as "governed by" or "subject to" and does not condition one's promise to pay because "pursuant to" simply requires conformance with something and does not provide that something else controls or conditions it.[2]

Second, both notes contain security agreements that all the alpacas the Groomes purchased under the sales contracts are the security. As a result, the sales contracts must be consulted to determine the property covered by the security agreements.[3] But nothing in this language references the Groomes' promise to pay. Accordingly, the fact that the sales contracts must be consulted to determine the security does not create an express condition to payment or

---

[1] RCWA 62A.3-106 cmt. 1 states, "The rationale is that the holder of a negotiable instrument should not be required to examine another document to determine rights with respect to payment." And an instrument can retain its negotiability when it merely refers to the existence of another writing and does not require reference to the other writing as to whether or when payment is due. 6B LARY LAWRENCE, ANDERSON ON THE UNIFORM COMMERCIAL CODE § 3-106:14R (3d. ed. 2003).

[2] "Pursuant to" simply means that one thing is "in conformance to or in agreement with" another. WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1848 (2002). But when something is "governed" by something else, the governing device "control[s] the workings or operation" of that being governed. WEBSTER'S 982. And similarly, when something is "subject" to something else, the subjected element is "likely to be conditioned, affected, or modified in some indicated way" by the subjecting device. WEBSTER'S 2275.

[3] A negotiable instrument may contain a security agreement without necessarily destroying negotiability. See RCW 62A.3-104(a)(3) ("the promise or order may contain (i) an undertaking or power to give, maintain, or protect collateral to secure payment").

suggest that the promise, or the rights or obligations *with respect to the promise to pay* are stated in another writing. Further, RCW 62A.3-106(b) states that a promise is not made conditional by a "reference to another writing for a statement of rights with respect to collateral."

Third, the 2007 promissory note states, "Any notice given under this Note and the attached Security Terms and Conditions shall be given in accordance with the Sales Contract between the parties at the addresses set forth below."[4] Clerk's Papers at 44. This provision requires a reader to consult the sales contract to determine proper procedures for giving notice. But although the 2007 promissory note requires the note holder to review the sales contract to understand procedures for giving notice, the notice requirements do not condition the Groomes' promise to pay. Therefore, any language regarding notice requirements does not destroy the note's negotiability.

Both the 2006 and 2007 promissory notes are unconditional promises to pay. Neither includes any express conditions on the Groomes' promise to pay. Also, neither provides that the promise to pay is subject to or governed by another writing. Finally, neither note contains language that the rights or obligations with respect to the promise to pay are stated in another writing. Therefore, both promissory notes constituted unconditional promises to pay and are negotiable instruments under WUCC article 3. *See* RCW 62A.3-106(a).

B. PROMISSORY NOTES GIVE RISE TO SEPARATE ACTIONS UNDER UCC ARTICLE 3

AOA argues that because the notes are separate and distinct from the underlying sales contracts, AOA could have sued on either the underlying sales contract under WUCC article 2 or

---

[4] The 2006 note does not contain a similar provision.

on the promissory note under WUCC article 3. AOA claims that because it sued only on the notes, the six-year statute of limitations applies. We agree.

Because this is a matter of first impression in Washington, we look for guidance in out-of-state cases. In *O'Neill v. Steppat*, 270 N.W.2d 375 (S.D. 1978), for example, the trial court concluded that South Dakota UCC article 2's four-year statute of limitations applied to an action to collect on a promissory note given in part payment of a sales contract. The South Dakota Supreme Court reversed, holding that the sellers sought to recover on the promissory note, not the sales contract, and "[t]hat the note might have been given in payment for a contract for sale is not relevant in this action." *O'Neill*, 270 N.W.2d at 376. The court noted that in signing a negotiable note, the buyers made a separate promise under which arises a separate remedy on the note under South Dakota UCC article 3, distinct from the sales contract. *O'Neill*, 270 N.W.2d at 376. The court explained that "the holder of a note taken for an underlying contract has a choice of remedies. He can sue on the note or the underlying contract." *O'Neill*, 270 N.W.2d at 376. The court held that the sellers chose to sue on the note under South Dakota UCC article 3, and the South Dakota UCC article 2 statute of limitations did not impair the remedy on the note. *O'Neill*, 270 N.W.2d at 376, 377.

In *O'Neill*, the court held that the promissory note, an unconditional promise not dependant on the underlying sales contract, gave rise to a "separate promise" distinct from the sales contract, so the seller could bring its claim under either the note or sales contract. *O'Neill*, 270 N.W.2d at 376. Like *O'Neill*, the promissory notes here were unconditional promises. Accordingly, the transactions here involve separate and distinct negotiable instruments under

which AOA could bring a cause of action separate from the sales contract.[5] Adopting the rule outlined in *O'Neill*, we may consider claims on a negotiable instrument separate from the underlying sales contract.

### III. ATTORNEY FEES

The trial court awarded attorney fees to the Groomes under the sales contracts. The sales contracts provide that the prevailing party in an action concerning the contracts is entitled to attorney fees. Because we have reversed the trial court's dismissal in favor of the Groomes, they are no longer the prevailing party and therefore are not entitled to attorney fees.

We reverse the trial court's CR 12(b)(6) dismissal and denial of AOA's motion for reconsideration. Accordingly, we also reverse its award of attorney fees to the Groomes.

JOHANSON, A.C.J.

We concur:

BJØRGEN, J.

MAXA, J.

---

[5] The Groomes also cite out-of-state cases to support their argument. These cases are distinguishable because they involved transactions in which the underlying sales contracts and promissory notes issued as payment on the contracts could not be divorced from one another or they involved statutory schemes significantly different from ours. *See Troy Boiler Works, Inc. v. Sterile Technologies, Inc.*, 3 Misc. 3d 1006, 777 N.Y.S.2d 574 (2003); *Jackson v. Luellen Farms, Inc.*, 877 N.E.2d 848 (Ind. Ct. App. 2007); *Fallimento C.Op.M.A. v. Fischer Crane Co.*, 995 F.2d 789 (7th Cir. 1993). Accordingly, the Groomes' cases are not persuasive.