IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| JOSEPH BAKER,<br><br>             Respondent,<br><br>        v.<br><br>ROB SMITH,<br><br>             Appellants. | No. 83014-7-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

SMITH, A.C.J. — Joseph Baker sued Rob Smith to enforce a promissory note. After Baker moved for summary judgment, Smith contended that the promissory note was for a personal loan that the parties never acted upon, and that Baker's loan to Smith's company and the company's subsequent payments to Baker were under the terms of a separate loan. The court entered summary judgment in favor of Baker. Because Baker met his burden to establish that he was entitled to judgment as a matter of law, and Smith failed to make more than bare allegations to the contrary, we affirm.

FACTS

On October 9, 2017, Smith executed a promissory note for $45,000 in favor of Baker "for value received." The note, which Smith prepared, required Smith to pay the principal amount, in full, no later than February 28, 2018, and established an interest rate of 12 percent. If Smith defaulted, he was required to pay a penalty of 10 percent and interest on the outstanding amount, as well as

Citations and pin cites are based on the Westlaw online version of the cited material.

reasonable attorney fees "not exceeding . . . 15% of the then outstanding balance," plus other reasonable expenses.

On October 14, 2017, Baker transferred $45,000 to Agathos, a nonprofit of which Smith is the board chairman and registered agent. Agathos then transferred the funds to EarthWise Ventures, Inc, a for-profit corporation of which Smith is the CEO and only governor.

In January 2018, Smith, through EarthWise, began making monthly $450 interest payments to Baker, the rate specified by the promissory note. Neither Smith nor EarthWise paid Baker $45,000 by February 28, 2018. In September 2019 and November 2019, Smith made out two $15,000 checks to Baker from EarthWise's bank account. EarthWise continued making $450 interest payments to Baker through September 2019, and made partial interest payments through January 2020, after which he made no further payments.

In March 2020, Baker sued Smith for breach of contract, promissory estoppel, and unjust enrichment. Baker then moved for summary judgment on the breach of contract claim. Smith opposed the motion, asserting that he had signed the promissory note in consideration for a personal loan that Baker never acted upon, and that the transfer of funds between Baker and EarthWise was part of a completely separate shareholder loan, "for which there is no written agreement other than numerous text messages in which the terms changed from time-to-time." Smith contended that Baker was a founding shareholder of EarthWise and owed EarthWise significantly more money than he was claiming

2

to be owed because of a separate dispute over Baker's shares. Accordingly, he claimed that "any lawsuit related should be filed against EarthWise and not" Smith. Smith also contended that Baker had been untruthful in discovery and was filing the lawsuit out of retaliation for Baker's removal from his position at a third company.

In ruling on the motion, the court noted that there was no dispute that Smith executed the promissory note and subsequently caused funds to be transferred to Baker from EarthWise or regarding the amount of those funds. It concluded that Smith's claim that the promissory note and EarthWise's payments to Baker were unrelated failed to rise above "mere allegations or denials of a pleading" to actually "set forth specific facts showing that there is a genuine issue for trial." Accordingly, the court granted Baker's motion for summary judgment.

Smith appeals.

ANALYSIS

Smith contends that the court erred by granting summary judgment on the grounds that there were genuine issues of material fact. We disagree.[1]

---

[1] We note that the promissory note selected the law of Colorado as its governing law. However, neither party asserted below or on appeal that the laws of Colorado should apply. Parties must assert the application of a foreign law in their pleadings or the court may apply Washington law unless it would result in manifest injustice. RCW 5.24.040; CR 9(k)(1),(4); see also Olla v. Wagner, noted at 163 Wn. App. 1028, 2011 WL 4062244 at *6 (2011) (unpublished) (declining to address party's contention that court erred by applying Washington law because he did not raise the argument in the trial court and choice of law did not affect jurisdiction). Moreover, there does not appear to be a real conflict between Washington and Colorado law with respect to the enforcement of promissory notes or breach of contract. Shanghai Commercial Bank Ltd. v. Chang, 189 Wn.2d 474, 481, 404 P.3d 62 (2017) (presumptive local law should apply where the laws of concerned states do not conflict); Alpacas of Am., LLC v.

Standard of Review

"Summary judgment is appropriate where there is no genuine issue as to any material fact, so the moving party is entitled to judgment as a matter of law." Meyers v. Ferndale Sch. Dist., 197 Wn.2d 281, 287, 481 P.3d 1084 (2021). "We view the facts and reasonable inferences in the light most favorable to the nonmoving party." Id. "We review rulings on summary judgment and issues of statutory interpretation de novo." Am. Legion Post No. 149 v. Dep't of Health, 164 Wn.2d 570, 584, 192 P.3d 306 (2008). "Contract interpretation is a question of law for the court when it is unnecessary to rely on extrinsic evidence." Washington State Major League Baseball Stadium Pub. Facilities Dist. v. Huber, Hunt & Nichols-Kiewit Const. Co., 176 Wn.2d 502, 517, 296 P.3d 821 (2013).

Factual Disputes

1. Effect of Promissory Note

Central to Smith's appeal is his claim that he executed the promissory note to secure a personal loan that he never received, and that the payments from EarthWise to Baker were for a separate loan. An examination of the supporting evidence provided by both Baker and Smith establishes that Smith has not met his burden to show a genuine issue with respect to this claim.

---

Groome, 179 Wn. App. 391, 396, 317 P.3d 1103 (2014) (enforcement of promissory notes under Uniform Commercial Code (UCC) article 3, ch. 62A.3 RCW, as enacted by Washington); Gunderson v. Weidner Holdings, LLC, 463 P.3d 315, 318 (Colo. App. 2019) (enforcement of promissory notes under UCC article 3, as enacted by Colorado).

"The party moving for summary judgment has the initial burden of showing there is no dispute as to any issue of material fact; but once that burden is met, the burden shifts to the non-moving party to establish the existence of an element essential to its case." Kahn v. Salerno, 90 Wn. App. 110, 117, 951 P.2d 321 (1998). "[T]he party opposing summary judgment must respond with more than conclusory allegations, speculative statements, or argumentative assertions of the existence of unresolved factual issues." Boyd v. Sunflower Props., LLC, 197 Wn. App. 137, 142-43, 389 P.3d 626 (2016). "An issue of material fact is genuine if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." Keck v. Collins, 184 Wn.2d 358, 370, 357 P.3d 1080 (2015).

Here, Baker met his initial burden of showing that there was no material issue of fact concerning his right to recover under the promissory note. Baker established in his motion, supporting affidavits, and exhibits, that Smith executed a promissory note for $45,000 "for value received," that under its terms the "principal amount . . . shall be due and payable in a single installment no later than February 28, 2018," and that Smith did not pay that amount by that date, either personally or through EarthWise. Baker also supported his case with evidence that he had sent Smith's company the exact amount that Smith owed him under the note, and that EarthWise proceeded to pay Baker at the exact interest rate established by the promissory note. Baker included a record of accounting showing these payments over time and how much was still owed

under the terms of the note.  These undisputed facts were sufficient to show a duty under a contract, a breach, and damages proximately caused by the breach, as necessary for Baker's breach of contract claim.  Nw. Indep. Forest Mfrs. v. Dep't of Labor & Indus., 78 Wn. App. 707, 712, 899 P.2d 6 (1995).  Baker therefore met his initial burden.

Smith then failed to meet his burden to establish a genuine issue of material fact.  Smith's contention was that the promissory note was for a separate, unrelated, personal loan that the parties never acted upon, and that the parties instead decided to execute a different loan to EarthWise.  Smith contended that the parties came to this agreement via text message but failed to include any of these messages as exhibits, even though he attached other text messages between the parties.  The promissory note itself does not indicate what consideration Smith received for executing it, and Smith provided no evidence that the parties agreed it was for a personal loan.  See Lopez v. Reynoso, 129 Wn. App. 165, 167, 118 P.3d 398 (2005) (parol evidence is admissible to construe a fully integrated written contract and determine the intent of the parties).  Similarly, the promissory note does not indicate whether Smith executed the note as an individual or as an agent of EarthWise, and Smith provided no evidence that it was strictly the former.  See Dana v. Boren, 133 Wn. App. 307, 311, 135 P.3d 963 (2006) ("[A]n agent and undisclosed principal are jointly and severally liable for contracts the agent formed on the principal's behalf.").  Finally, Smith provided no evidence that although Baker lent

EarthWise the exact amount specified in the promissory note, and EarthWise subsequently began paying Baker at the exact interest rate specified in the promissory note, the parties had agreed that this loan was separate and distinct from the promissory note.  In the face of extensive documentation indicating that the parties executed and acted upon a loan agreement, Smith relies on bare allegations to assert that the written contract establishing a loan is unrelated to the actual loan made by the parties.  These assertions are insufficient to meet Smith's burden.

    2.  <u>Amount of Obligation</u>

Smith also contends that there is a dispute as to the amount outstanding on the $45,000 loan, because Baker's complaint stated that Smith owed him $45,000 excluding interest, whereas on summary judgment, Baker stated that he was only owed $25,237.50.  But this is not a "genuine issue"—Baker essentially conceded that the second amount was the correct one.  <u>Meyers</u>, 197 Wn.2d at 287.  Aside from the one reference to being owed $45,000 in his complaint, the rest of his pleadings, and the declaration and accountings supporting them, are consistent as to the amount owed.  While Smith disputed that he personally owed Baker money, he did not dispute any of Baker's accounting of funds paid.  This is not a genuine issue of material fact barring summary judgment.

    3.  <u>Calculation of Legal Fees and Default Penalty</u>

Smith contends that Baker miscalculated the default penalty and legal fees by basing his calculations on the $45,000 amount, not the $15,000 still

owing on the principal.

With respect to the default penalty, the note provided: "In the event of a default [Smith] agrees to a penalty of 10%, and will pay interest upon the outstanding amount from the date of default." The structure of the sentence indicates that only the interest is "upon the outstanding amount." However, even if the default penalty only applied to the outstanding amount, the outstanding amount on the date of default was $45,000. The court therefore correctly imposed a $4,500 default penalty.

With respect to attorney fees, the note provided that "[i]n the event any payment under this Note is not paid when due, [Smith] agrees to pay . . . reasonable attorneys' fees not exceeding . . . 15% of the then outstanding balance owing on the Note, plus all other reasonable expenses incurred by [Baker] in exercising any of [his] rights and remedies." The outstanding balance at the date of default was $45,000 plus interest. On the date of the summary judgment motion, the outstanding balance was $25,237.50. Baker incurred over $10,000 in attorney fees, and the court did not err by limiting fees to 15 percent of $25,237.50.

4. <u>Allegations about Baker's Dispute with EarthWise</u>

Smith also makes claims about Baker's dispute with EarthWise over Baker's shares in EarthWise, including that Baker owes EarthWise more than EarthWise (or Smith) owes Baker. But EarthWise did not join as a party below under CR 19 or 20, and no party asked the court for summary judgment about

the dispute over the EarthWise shares.  White v. Kent Med. Ctr., Inc., P.S., 61 Wn. App. 163, 168, 810 P.2d 4 (1991) ("It is the responsibility of the moving party to raise in its summary judgment motion all of the issues on which it believes it is entitled to summary judgment.").  These issues are therefore not before us on appeal, and Baker has failed to raise a genuine dispute of material fact with respect to the issue that is before us.

We affirm.

Smith, A.C.J.

WE CONCUR:

Bremner, J.          Dwyer, J.