[No. 3436-1.   Division One.   April 25, 1977.]

E. L. HART, *Respondent,* v. CATHERINE L. DAY, *Appellant.*

*John W. Demco* and *Janice Whitley,* for appellant.

*Casey, Pruzan, Kovarik & Shulkin* and *Martin Godsil,* for respondent.

ANDERSEN, J.—

## FACTS OF CASE

An attorney's assignee recovered a judgment for attorneys' fees from a former client, Catherine L. Day, and Mrs. Day appeals. The case arose as follows.

Mrs. Day sued her then husband for divorce. The case was contested. Mrs. Day ultimately prevailed at the trial, and the decree awarded her a divorce, certain of the property of the parties, custody of the children, child support and temporary alimony.

Mrs. Day's former husband was also ordered to pay a designated sum for her attorneys' fees and costs. This sum represented some but not all of the fees and costs that she had incurred. Her attorney repeatedly billed her for the balance of the fee and costs that he charged but she refused to pay. In response to an inquiry from her, the attorney later wrote and explained to her in some detail the basis on which the fee and costs were charged. She still would not pay. When the attorney threatened suit, Mrs. Day responded by filing a complaint with the Washington State Bar Association, claiming that the fee charged was excessive.

Mrs. Day declined to cooperate or even discuss the matter with the Bar Association's investigator but he made an investigation nevertheless. He then wrote her a 4–page letter wherein he reviewed the court file in some detail and explained to her what it showed. The examiner's letter to Mrs. Day included the observation that

> you have had an aggressive trial attorney who has fought all of the way without any long delays in bringing your case to trial and securing a desirable result you requested when the case was started out. In other words, the result obtained and the work in the file shows that your attorney performed very well and obtained from the case everything that could possibly be obtained in your favor.

As to her complaint about the excessiveness of the fee, the examiner said,

> I cannot agree with your statement that it is excessive under the circumstances.

The examiner concluded by suggesting that Mrs. Day meet with the attorney and try to work something out with him. This she also declined to do.

Ultimately the attorney assigned his claim for attorneys' fees and costs against Mrs. Day to one E. L. Hart, who commenced the present action. Mrs. Day filed an answer denying that she owed anything and claimed as an affirmative defense that the statute of limitations had run. The

pleadings are replete with references to the divorce case file.

This case was tried to the court on August 14, 1974. At the trial, the divorce case file was handed to the court for review, was repeatedly referred to, and portions of it were read into evidence. No objection was voiced to this procedure. After both parties had rested, the trial court rendered its oral decision wherein it found against Mrs. Day.

Subsequently, on September 20, 1974, the trial court wrote respective counsel stating:

> Upon notice of presentation at 8:55 a.m. on the 12th day of September, I received a proposed judgment and findings of fact and conclusions of law for entry. At this hearing, [plaintiff's counsel] indicated that the file disclosed additional evidence concerning the statute of limitations and that a correction order was presented and signed by the court subsequent to the date upon which the statute of limitations began to run.
>
> . . . I am writing to indicate that the proposed findings of fact and conclusions of law do not allude to the additional evidence which was offered on the issue of statute of limitations. I will hold the matter in abeyance pending a further hearing in the matter or, in the alternative, presentation of corrected findings of fact and conclusions of law.

Then on October 1, 1974, findings of fact and conclusions of law were entered which included the following finding:

> It appears from the original court file in the above entitled court, Cause No. D 11385, that plaintiff's assignor rendered legal services in that action as late as May 1972.

Finding of fact No. 4. Based on the findings and conclusion that Mrs. Day owed $1,000 to her former attorney, the trial court entered judgment against her in that amount. It is from that judgment that Mrs. Day appeals.

The appellant, Mrs. Day, did not certify to this court any part of the superior court divorce case file referred to in finding of fact No. 4. Neither do we have any record of the proceedings subsequent to the trial court's oral decision,

including what transpired at the September 12, 1974, hearing referred to in the court's letter just quoted.

ISSUES

ISSUE ONE. Did the trial court err when it considered the divorce case file in the trial of this action brought to recover attorneys' fees for legal services rendered and costs expended in the divorce case?

ISSUE TWO. When court records, upon which a finding of fact is based, have not been made a part of the record on appeal, can an appellant assign error to such finding?

DECISION

ISSUE ONE.

CONCLUSION. The trial court did not err when it considered the divorce case file.

■ Since no objection was made to the trial court's consideration of the divorce case file during the trial of this suit for attorneys' fees, no objection can now be made to it. *State v. Jones,* 70 Wn.2d 591, 597, 424 P.2d 665 (1967); *State v. Kreck,* 86 Wn.2d 112, 122, 542 P.2d 782, *rev'g* 12 Wn. App. 748, 532 P.2d 285 (1975). See also the rules relating to a court taking judicial notice of its own files and records discussed in *Swak v. Department of Labor & Indus.,* 40 Wn.2d 51, 53–54, 240 P.2d 560 (1952).

ISSUE TWO.

CONCLUSION. Since the evidence upon which finding of fact No. 4 is based is not in the record certified to this court, the appellant cannot assign error to that finding and we will accept the finding as a verity.

■ Appellant assigns error to finding of fact No. 4. It is apparent from the face of that finding, as well as from the facts set forth, that it is based on a matter or matters appearing in the divorce case file which the trial court had before it, but which we do not properly have before us. As expressed in *Whitney v. McKay,* 54 Wn.2d 672, 678–79, 344 P.2d 497 (1959):

We have frequently announced the rule that the trial court is not required to include evidentiary facts in its

findings, but need only find the ultimate facts upon the material issues. *Wentz v. T. E. Connolly, Inc.,* 45 Wn. (2d) 127, 273 P. (2d) 485 (1954), and cases cited therein. Finding of fact No. 3 discloses that the trial court took note of the evidentiary facts concerning the contractor's lien and found, as an ultimate fact, that such lien was *duly* and *timely* filed. The words "duly and timely filed" can only mean that the statutes pertaining to lien foreclosures have been properly complied with. *Since the evidence upon which finding of fact No. 3 was based is not in the record, appellants cannot have assigned error to that finding. Therefore, the validity of the contractor's lien must be accepted as a fact of the case. Theurer v. Condon,* 34 Wn. (2d) 448, 209 P. (2d) 311 (1949); Rule on Appeal 43, 34A Wn. (2d) 47.

(Last italics ours.) *See Batcheller v. Westport,* 39 Wn.2d 338, 351, 235 P.2d 471 (1951). So it is here that the evidence upon which finding of fact No. 4 is based is not in the record certified to this court. The appellant, Mrs. Day, cannot assign error to that finding, and we must accept it as a fact of this case.

We note that there is a copy of an "Order Correcting Clerical Errors in Decree of Divorce" dated May 19, 1972, which is attached to one of the appellate briefs. This order bears the divorce case caption and indicates that Mrs. Day's divorce decree was changed as follows:

1. The street address of the house as set forth on line 24 of page 2 of said decree is hereby changed to 13233—40th N.E., Seattle; and
2. The legal description of real property as set forth on line 29 of page 3 of said decree is hereby partially changed to Lots 330 and 331.

We decline to consider the copy of what appears to be an order taken from the divorce case file since it is not properly a part of the record before this court. As we held in *State v. Armstead,* 13 Wn. App. 59, 66, 533 P.2d 147 (1975):

This court will not consider matters not in the appellate record. CAROA 35; *State v. Williams,* 9 Wn. App. 663, 664, 513 P.2d 1045 (1973).

As also held by the Supreme Court in *Grobe v. Valley Garbage Serv., Inc.,* 87 Wn.2d 217, 228–29, 551 P.2d 748 (1976):

We first note the oft–repeated rule that cases on appeal are decided only from the record, and "[i]f the evidence is not in the record it will not be considered." *State v. Wilson,* 75 Wn.2d 329, 332, 450 P.2d 971 (1969).

Even if we did assume the existence of such order, and even if we did infer that there is nothing else in the court file to substantiate finding of fact No. 4, we would not consider the preparation of such an order by an attorney as valueless or immaterial as appellant suggests.

█ Accepting the trial court's finding that legal services were rendered as late as May of 1972, as we must, the rule which pertains is that

"The contract of an attorney with his client being an entire and continuous contract, the Statute of Limitations does not begin to run against a claim for services under such contract until the final service has been performed. . . ."

*Wright v. Johanson,* 132 Wash. 682, 694, 233 P. 16, *aff'd en banc,* 135 Wash. 696, 236 P. 807 (1925), quoting with approval from *Martin v. Camp,* 219 N.Y. 170, 114 N.E. 46 (1916). *Accord,* 51 Am. Jur. 2d *Limitation of Actions* § 92 (1970).

Where there is no written fee agreement, the controlling statute of limitations is the 3–year statute, RCW 4.16.080. *Wright v. Johanson, supra* at 695. This action having been commenced within 3 years of May 1972, the trial court was correct when it concluded, in effect, that the appellant, Mrs. Day, had not sustained the burden of proving her affirmative defense that the statute of limitations had run on her obligation to pay attorneys' fees and costs.

Judgment affirmed.

FARRIS, C.J., concurs.

WILLIAMS, J. (dissenting)—I am unable to concur in the majority opinion because, as I view it, there was no evidence before the trial court to support the finding that the

attorney rendered legal services in the divorce action as late as May 1972. (Finding of fact No. 4.) The file in the divorce action was never admitted into evidence and the criteria for taking judicial notice of it were not present. *Swak v. Department of Labor & Indus.,* 40 Wn.2d 51, 240 P.2d 560 (1952). The trial court certified the statement of facts containing "all material facts, matters and proceedings" to August 12, 1975, and a supplemental statement of facts to August 26, 1975. The only references to King County Court file No. D 11385 in either statement of facts are to a pretrial affidavit and the decree of divorce entered on February 20, 1970. There is absolutely nothing to prove that legal services were rendered to Mrs. Day at any time subsequent to the entry of that decree.

It is true that Mrs. Day, who appeared pro se, did not object to the mention of the pretrial affidavit and the decree, but that does not mean that she agreed to the admission into evidence of the entire file. *State v. Jones,* 70 Wn.2d 591, 424 P.2d 665 (1967) and *State v. Kreck,* 86 Wn.2d 112, 542 P.2d 782, *rev'g* 12 Wn. App. 748, 532 P.2d 285 (1975), cited by the majority, do not support the proposition that when the largely irrelevant affidavit and the portion of the decree allowing attorney's fees were referred to without objection, the entire collection of papers became available for the court to use to support its findings. The divorce file was never admitted into evidence and was never properly before the court.

The basic error in the majority's opinion is that finding of fact No. 4 must be accepted as a verity because Mrs. Day "did not certify to this court any part of the superior court divorce case file referred to in finding of fact No. 4." No provision in the rules permits her to do so. As seen, the trial court has certified all of the "material facts, matters and proceedings" which were before it to this court and can do no more.

For the reasons stated above, I believe the majority is correct in declining to consider the copy of an "Order Correcting Clerical Errors in Decree of Divorce." However,

assuming, as does the majority, that the order exists, I would observe that the corrections of the street address of the family home awarded to Mrs. Day were of no conceivable service to her because all parties knew where it was and the legal description of it is given in the decree. The correction of the legal description of an unimproved lot awarded to the husband is likewise of no conceivable benefit or importance to Mrs. Day. In addition, there is no evidence that Mrs. Day either approved of or wanted the correction order.

I would reverse.

Petition for rehearing denied August 8, 1977.

Review denied by Supreme Court March 3, 1978.