[No. 23289-1-III.   Division Three.   August 18, 2005.]

DAVID L. TINGEY, *Respondent,* v. LLOYD HAISCH ET AL., *Appellants.*

---

*Harold J. Moberg*, for appellants.

*David L. Tingey* (of *Law Office of David L. Tingey*), for respondent.

¶1 KURTZ, J. — Lloyd Haisch entered into an oral agreement for legal services with attorney David Tingey. After more than three years had elapsed, Mr. Tingey brought an action for recovery of his attorney fees. At summary judgment, the trial court held that Mr. Tingey's claim for attorney fees was subject to a six-year statute of limitations as an account receivable under RCW 4.16.040(2),[1] not a three-year statute of limitations as an oral contract under RCW 4.16.080(3).[2] On appeal, the parties dispute the applicable statute of limitations. We conclude that the term "account receivable" as used in RCW 4.16.040 is ambiguous and requires interpretation. We hold that the term means an "open account," that is, "[a]n account that is left open for ongoing debit and credit entries by two parties and that has a fluctuating balance until either party finds it convenient

---

[1] RCW 4.16.040 states:

The following actions shall be commenced within six years:

. . . .

(2) An action upon an account receivable incurred in the ordinary course of business.

[2] RCW 4.16.080 states:

The following actions shall be commenced within three years:

. . . .

(3) Except as provided in RCW 4.16.040(2), an action upon a contract or liability, express or implied, which is not in writing, and does not arise out of any written instrument.

to settle and close." BLACK'S LAW DICTIONARY 20 (8th ed. 2004). Accordingly, the judgment against Mr. Haisch is reversed.

## FACTS

¶2 In 1994, Lloyd Haisch retained attorney David Tingey to represent him in a Grant County lawsuit. The attorney and client did not enter into a written fee agreement. Mr. Tingey sent Mr. Haisch a billing statement for his services which was dated December 16, 1998. The billing statement reflected that the last day of legal services was December 27, 1994.

¶3 In 1999, United Collection Service filed an action against Mr. Haisch for recovery of the attorney fees. The matter proceeded to arbitration. The arbitrator found in favor of Mr. Haisch. United Collection Service requested trial de novo and further requested that Mr. Tingey be substituted as the plaintiff.

¶4 In May 2003, Mr. Haisch moved to dismiss. Because there was no written fee agreement, Mr. Haisch argued that Mr. Tingey's lawsuit was barred by RCW 4.16.080(3), the three-year statute of limitations. In response, Mr. Tingey moved for summary judgment, arguing that he was suing on an account receivable incurred in the ordinary course of the legal business and subject to RCW 4.16.040(2), the six-year statute of limitations.

¶5 At summary judgment, the trial court ruled that the applicable statute of limitations was six years but further ruled that material issues of fact remained which had to be determined at trial. After a trial, the court ruled in favor of Mr. Tingey. Mr. Haisch appeals.

## ANALYSIS

¶6 Mr. Haisch contends that a claim for attorney fees is subject to a three-year statute of limitations, absent a written fee agreement. In his argument, he acknowledges that RCW 4.16.080(3) was amended in 1989 to exclude

account receivables from the three-year statute of limitations. He argues, however, that this exclusion does not encompass a claim for attorney fees because attorney fees are not incurred in the ordinary course of business. In Mr. Haisch's view, the practice of law is a profession, not a business. In response, Mr. Tingey argues that a claim for attorney fees, incurred in the ordinary course of a legal business, is subject to a six-year statute of limitations as an account receivable.

¶7 *Standard of Review.* Summary judgment is appropriate where the pleadings, affidavits, depositions, and admissions demonstrate that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Folsom v. Burger King*, 135 Wn.2d 658, 663, 958 P.2d 301 (1998). When reviewing a summary judgment order, an appellate court engages in the same inquiry as the trial court. *Id.* Facts and reasonable inferences from the facts are considered in the light most favorable to the nonmoving party. *Bishop v. Miche*, 137 Wn.2d 518, 523, 973 P.2d 465 (1999). Conclusions of law are reviewed de novo. *Id.*

¶8 *Statute of Limitations for Attorney Fees.* Under former RCW 4.16.080(3) (1989), an action upon an oral contract was subject to a three-year statute of limitations. The statute encompassed a claim for attorney fees where there was no written fee agreement. *Hart v. Day*, 17 Wn. App. 407, 413, 563 P.2d 227 (1977). In 1989, RCW 4-.16.080(3) was amended to provide an exception for an account receivable incurred in the ordinary course of business. Such an account receivable is subject to a six-year statute of limitations. RCW 4.16.040(2). Otherwise, oral contracts remain subject to the three-year statute of limitations. RCW 4.16.080(3).

¶9 After the statute was amended, Division One of this court held that attorney fees based on an oral contract are subject to a three-year statute of limitations. *Bogle & Gates, P.L.L.C. v. Holly Mountain Res.*, 108 Wn. App. 557, 562, 32 P.3d 1002 (2001). Whether attorney fees may also be subject

to a six-year statute of limitations as an account receivable was not addressed. *See id.*; *see also Bogle & Gates, P.L.L.C. v. Zapel*, 121 Wn. App. 444, 451-52, 90 P.3d 703 (2004). The resolution of that issue turns on the meaning of "account receivable" in RCW 4.16.040(2).

¶10 *Account Receivable.* The term "account receivable" is not defined in RCW 4.16.040(2). To determine the meaning of an undefined term, the court may look to the common law or to a dictionary definition. *McKenna v. Harrison Mem'l Hosp.*, 92 Wn. App. 119, 122, 960 P.2d 486 (1998). Yet, the term "account receivable" as it appears in legal proceedings, or as it is defined in dictionaries, has different meanings depending upon the context. In litigation, the term is used in the context of: (1) the sale and valuation of businesses,[3] (2) adversary proceedings during bankruptcy proceedings,[4] and (3) priority disputes between secured parties.[5] In a legal dictionary, any balance owed by a debtor is considered an "account receivable." BLACK'S, *supra*, at 18. Other times, an account receivable is the balance owed on (1) an unsettled account[6] or (2) an open account. *First Nat'l Bank v. Martin*, 16 Alaska 313, 322 (D. Alaska 1956); *MBank El Paso Nat'l Ass'n v. Featherlite Corp.*, 792 S.W.2d 472, 475 (Texas Ct. App. 1990). Finally, whether or not a particular debt constitutes an account receivable may be a factual question. E. LeFevre, Annotation, *What Constitutes "Accounts Receivable" Under Contract Selling, Assigning, Pledging, or Reserving Such Items*, 41 A.L.R.2d 1395 (1955).

¶11 The question is whether the use of the term "account receivable" in RCW 4.16.040(2) renders the statute ambiguous. Ambiguity involves determining whether a statute is capable of more than one reasonable interpreta-

---

[3] *In re Marriage of Nichols*, 27 Cal. App. 4th 661, 670-71, 33 Cal. Rptr. 2d 13 (1994).

[4] *In re Shea & Gould*, 198 B.R. 861 (Bankr. S.D.N.Y. 1996).

[5] *Rocky Mountain Ass'n v. Hessler Mfg. Co.*, 37 Colo. App. 551, 553 P.2d 840, 843 (1976).

[6] 1 AM. JUR. 2D *Accounts and Accounting* § 2, at 560 (1994).

tion. *Edelman v. State ex. rel. Pub. Disclosure Comm'n*, 116 Wn. App. 876, 882-83, 68 P.3d 296 (2003), *aff'd*, 152 Wn.2d 584, 99 P.3d 386 (2004). Here, account receivable is ambiguous because it is subject to a number of different interpretations. For example, account receivable could include any debt owed to a business. If this were the case, all unpaid attorney fees of a law firm could be characterized as the law firm's accounts receivable. Or, account receivable could be limited to unsettled accounts or open accounts. Under these options, attorney fees would constitute accounts receivable if the attorney fees were charged on accounts that remain open or unsettled. Or, whether or not a debt constitutes an account receivable could be a factual inquiry. Under this option, some law firms may have accounts receivable, and others may not, depending upon how legal services were provided and billed.

■ ¶12 Moreover, RCW 4.16.040(2) should not be interpreted so as to lead to an absurd result. *Strain v. W. Travel, Inc.*, 117 Wn. App. 251, 254, 70 P.3d 158 (2003), *review denied*, 150 Wn.2d 1029 (2004). Except for an account receivable, RCW 4.16.080(3) provides that the statute of limitations for an oral contract is three years. If the term account receivable in RCW 4.16.040(2) is interpreted to encompass all business debt, an absurd result follows. The RCW 4.16.080(3) exception swallows the remainder of the statute. Business owners would no longer need to enter into written contracts to benefit from a six-year statute of limitations because RCW 4.16.040(2) would essentially convert all of their business debt into accounts receivable.

■ ¶13 *Legislative History.* If the plain language of the statute is ambiguous, legislative intent can be derived from the statute's legislative history. *Dep't of Ecology v. Campbell & Gwinn, L.L.C.*, 146 Wn.2d 1, 11-12, 43 P.3d 4 (2002). Because the term "account receivable" is ambiguous, we resort to legislative history.

¶14 The Senate bill which created the statute, Substitute Senate Bill No. 5213, was defined as a measure "extending the statute of limitations on written charge

accounts." SENATE JOURNAL, 51st Leg., Reg. Sess., at 487 (Wash. 1989) (hereinafter SENATE JOURNAL); HOUSE JOURNAL, 51st Leg., Reg. Sess., at 1464 (Wash. 1989). Support for the bill came from small businesses and collection companies. SENATE JOURNAL 488. Debate centered on what individuals or entities would be subject to the six-year statute of limitations. SENATE JOURNAL 487-88. The bill failed to pass the Senate the first time. SENATE JOURNAL 488.

¶15 When the bill was reconsidered, Senator Talmadge pinpointed the problem with the bill as a concern among the senators over the proper definition of account receivable. SENATE JOURNAL 509. Specifically, he stated:

> "Well, the problem is, if I enter into an oral contract with you, that's something that's a three year statute of limitations now and a three year statute of limitations under this bill. If I enter into an oral contract with you and you go back to your business and you say, "Well, I think I will carry that on my books," and you treat it as an account receivable, then it's something that would carry with it a six year statute of limitations. The problem is, I think, that there is that difficulty in determining what is or is not an account receivable incurred in the ordinary course of business and an oral contract. It seems to me if we are going to reconsider this we may want to do it right and simply provide for a six year statute of limitations for all contracts."

SENATE JOURNAL 509. In answer to Senator Talmadge's quandary, Senator Smitherman stated that an account receivable under the bill applied only to open accounts. SENATE JOURNAL 509.

¶16 A "charge account" is "[a] credit arrangement by which a customer purchases goods and services and pays for them periodically or within a specified time." BLACK'S, *supra*, at 249. Similarly, an "open account" is "[a]n account that is left open for ongoing debit and credit entries by two parties and that has a fluctuating balance until either party finds it convenient to settle and close." BLACK'S, *supra*, at 20. An open account occurs "where the parties intend that the individual transactions in the account be considered as a connected series, rather than as independent of each other." 1 AM. JUR. 2D, *Accounts and Accounting* § 4, at 562.

¶17 In this case, Mr. Tingey's claim for attorney fees is not an account receivable subject to the six-year statute of limitations stated in RCW 4.16.040(2). When Mr. Haisch retained Mr. Tingey, the transaction was not like a revolving charge account, to which charges were added and payments subtracted. Also, Mr. Haisch did not retain Mr. Tingey for multiple transactions. Rather, he retained an attorney for the sole purpose of representing him in one transaction, the Grant County lawsuit. The transaction did not involve a fluctuating balance of debit and credit entries between two parties involving multiple transactions. Rather, the attorney fees involved an increasing balance of debit entries on one transaction.

¶18 In conclusion, we hold that the term "account receivable" in RCW 4.16.040(2) refers to an "open account," that is "[a]n account that is left open for ongoing debit and credit entries by two parties and that has a fluctuating balance until either party finds it convenient to settle and close." BLACK'S, *supra*, at 20. For that reason, the trial court erred in ruling that Mr. Tingey's claim for attorney fees is subject to a six-year statute of limitations. Because Mr. Tingey did not enter into a written fee agreement with his client, his claim is subject to a three-year statute of limitations. Mr. Haisch's request for attorney fees and costs under MAR 7.3 and RAP 18.1 is granted. The judgment against Mr. Haisch is reversed. The matter is remanded to the trial court for the award of attorney fees and costs and the entry of an order of dismissal.

KATO, C.J., and SWEENEY, J., concur.

Review granted at 156 Wn.2d 1035 (2006).