NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 23 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIEL G. SZMANIA, | No. 16-36055 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-05644-RBL |
| v. | |
| E-LOAN, INC.; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted February 13, 2018[**]

Before:    LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Daniel G. Szmania appeals pro se from the district court's judgment

dismissing his diversity action arising from foreclosure proceedings. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal

Rule of Civil Procedure 12(b)(6). *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

2005).  We affirm.

The district court properly dismissed Szmania's claim that defendants lacked authority to foreclose as barred by the doctrine of res judicata because this claim was raised or could have been raised in a previous action between the parties or their privies that resulted in a final judgment on the merits.  *See Holcombe v. Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007) (federal courts apply state law regarding the res judicata effect of state court judgments); *Williams v. Leone & Keeble, Inc.*, 254 P.3d 818, 821 (Wash. 2011) (en banc) (setting forth elements of the doctrine of res judicata under Washington law); *Southcenter Joint Venture v. Nat'l Democratic Policy Comm.*, 780 P.2d 1282, 1285 (1989) (en banc) ("[A] successor in interest to a party to an action that determines interests in property is subject to the preclusive effects of that action." (citations omitted)).

We reject as without merit Szmania's contention that defendants were time-barred from collecting on the note.  *See Edmundson v. Bank of Am.*, 378 P.3d 272, 277-78 (Wash. Ct. App. 2016) (statute of limitations period on a claim to enforce an installment note accrues for each installment from the time it becomes due).

We lack jurisdiction to consider the district court's order denying Szmania's motion for reconsideration because Szmania failed to file an amended or separate

16-36055

notice of appeal.  *See Whitaker v. Garcetti*, 486 F.3d 572, 585 (9th Cir. 2007).

We do not consider matters not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**