**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| DANIEL G. SZMANIA, | No. 55066-1-II |
| Appellant, | |
| v. | |
| CHAD GILLINGHAM, | UNPUBLISHED OPINION |
| Respondent. | |

GLASGOW, J.—After Daniel G. Szmania failed to make payments on his residential mortgage, the bank proceeded with nonjudicial foreclosure. Szmania filed at least four lawsuits challenging the foreclosure and sale of his property, all of which were dismissed. In 2016, Chad Gillingham posted notices of default and of a trustee's sale on Szmania's property, and Gillingham presided over four public auctions where Szmania's home was available for purchase.

In 2019, Szmania filed a complaint against Gillingham, primarily alleging that Gillingham committed fraud by auctioning Szmania's home after Szmania informed Gillingham that the home was "paid off." Clerk's Papers (CP) at 10. The trial court granted Gillingham's CR 12(b)(6) motion and dismissed Szmania's action as barred by the three-year statute of limitations for fraud. The trial court denied Szmania's motion for reconsideration.

Szmania appeals, arguing the trial court erred in concluding that the fraud claim had accrued by the date when Szmania filed a 2016 action challenging the foreclosure, rather than on the date Szmania's home was actually sold. Fraud claims accrue when the plaintiff discovers or could have discovered with due diligence the facts giving rise to the action. Accrual is not

postponed until specific or substantial damages occur. Accepting Szmania's alleged facts as true, his claim accrued more than three years prior to his filing of the complaint. Accordingly, we affirm.

FACTS

On January 12, 2016, Gillingham posted a notice of default and foreclosure loss mitigation form at Szmania's residence in Brush Prairie. On March 9, 2016, Gillingham posted a notice of trustee's sale at the same address. By March 28, 2016, Szmania was aware that these documents had allegedly been served on him. Notice of the trustee's sale was also executed and recorded in the Clark County Auditor's Office on March 2, 2016, and it was published twice in a legal newspaper in Clark County prior to July 8, 2016, the date when the first auction took place. On June 27, 2016, Szmania filed a claim in superior court "to stop the illegal foreclosure," contending that his loan had been paid off. CP at 8.

Gillingham served as the auctioneer at four public auctions where Szmania's home was available for purchase. The first auction was on July 8, 2016. According to Szmania's complaint, Gillingham committed fraud because Szmania had told him by the time of the auction that Szmania's loan was paid off. Szmania contends that despite this knowledge, Gillingham failed to stop the foreclosure. Szmania's home was sold at the fourth auction, on October 28, 2016.[1]

About three years later, on October 24, 2019, Szmania filed a complaint against Gillingham alleging fraud. Szmania alleged Gillingham committed fraud as an auctioneer because he "knew the history of [Szmania] paying off . . . the mortgage [and] should have ceased his activities as the auctioneer" of an "illegal foreclosure." CP at 4. Szmania also alleged Gillingham committed fraud

---

[1] Szmania was before this court in 2019 as the defendant in an unlawful detainer action after Wells Fargo Bank, N.A., purchased the property and Szmania failed to vacate it. *See Wells Fargo Bank, N.A., as Tr. for Bear Stearns Arm Tr. 2007-3 v. Szmania*, No. 50523-1-II, slip op. (Wash. Ct. App. Jan. 3, 2019) (unpublished), https://www.courts.wa.gov/opinions/pdf/D2%2050523-1-II%20Un published%20 Opinion.pdf.

as a process server because he did not actually post the notices on the dates he claimed. And Szmania alleged Gillingham committed fraud because he declared, as a process server, that he was not "'interested in'" the foreclosure action but, as an auctioneer, Gillingham would profit from the sale of the home. CP at 5 (emphasis omitted). Szmania also alleged both intentional and negligent infliction of emotional distress.[2]

Szmania attached a letter to his complaint, dated September 9, 2016, warning, "Any purchasers or any auctioneers involved in the illegal sale of my home will be joined as co-defendants" in Szmania's then-pending litigation regarding the foreclosure. CP at 38. This letter is addressed "to whom it may concern," and it is not clear who received the letter. *Id.* (boldface and capitalization omitted).

In Gillingham's answer to Szmania's complaint, he admitted that he posted notices at Szmania's residence on January 12 and March 9, 2016. He further admitted that he served as an auctioneer for the sale of Szmania's home on July 8, August 12, September 9, and October 28, 2016. The home sold on October 28, 2016. Gillingham raised the statute of limitations and estoppel as affirmative defenses. He also reserved the right to raise additional defenses "as further discovery and investigation may warrant." CP at 91.

Gillingham then filed a CR 12(b)(6) motion to dismiss, arguing that Szmania was attempting to relitigate issues that had been fully and finally decided in earlier lawsuits and, alternatively, that Szmania's claims were all time barred. Specifically, Gillingham argued Szmania's claims were "predicated on his assertion that he had paid off his home," which multiple

---

[2] Szmania also listed multiple crimes in his complaint including battery, theft, trafficking in stolen property, leading organized crime, and unfair business practices.

courts had already considered and rejected in prior cases. CP at 146.[3] Alternatively, Gillingham argued Szmania's claims were time barred because the statute of limitations for fraud is three years from the date of discovery, and Szmania "should have discovered the alleged fraud" by at least June 27, 2016, when he filed an action in superior court "to 'stop the illegal foreclosure.'" *Id.*

Szmania responded that his current action was not precluded by his June 27, 2016 action because this case involves new issues, Gillingham was not a party to the previous case, and preclusion would be unjust. He contended the current action was not time barred because it was filed on October 24, 2019, and "Mr. Gillingham's illegal actions fully cumulated against Szmania when he auctioned off Szmania's home on October 28, 2016." CP at 202.

The trial court granted Gillingham's motion to dismiss with prejudice. It explained on the record that it dismissed Szmania's complaint "specifically because of a violation of the statute of limitations." Verbatim Report of Proceedings (July 31, 2020) at 17. It clarified that it was not dismissing based on issue or claim preclusion but that it would allow Gillingham to amend his answer to plead these affirmative defenses, if this court were to disagree with the trial court's statute of limitations analysis and remand.

Szmania filed a motion for reconsideration making similar arguments, which the trial court denied.

---

[3] In *Szmania v. E-Loan, Inc.*, the United States District Court for the Western District of Washington stated, "This is the fourth case Szmania has filed in an effort to avoid his loan and to avoid foreclosure on the security he pledged for his repayment obligation." Case No. C16-5644-RBL, 2016 WL 6823612, at *1. The district court dismissed Szmania's claims with prejudice after defendants successfully argued that Szmania had already "litigated and lost" the claim that he paid off his loan in state court. *Id.* The Ninth Circuit Court of Appeals affirmed, concluding, "The district court properly dismissed Szmania's claim that defendants lacked authority to foreclose as barred by the doctrine of res judicata." *Szmania v. E-Loan, Inc.*, 713 F. App'x 647, 648 (Mem.) (9th Cir. 2018), *cert. denied*, 139 S. Ct. 1182 (2019).

Szmania appeals the trial court's order granting Gillingham's motion to dismiss with prejudice and the trial court's order denying reconsideration.

ANALYSIS

A party may move to dismiss an action where the pleading fails to "state a claim upon which relief can be granted." CR 12(b)(6), (c). When reviewing a CR 12(b)(6) motion, the plaintiff's factual allegations are presumed true, and the action is dismissed "'only if the court concludes, beyond a reasonable doubt, the plaintiff cannot prove any set of facts which would justify recovery.'" *FutureSelect Portfolio Mgmt., Inc. v. Tremont Grp. Holdings, Inc.*, 180 Wn.2d 954, 962, 331 P.3d 29 (2014) (internal quotation marks omitted) (quoting *Kinney v. Cook*, 159 Wn.2d 837, 842, 154 P.3d 206 (2007)). Dismissal is appropriate if the "'plaintiff's claim remains legally insufficient even under [their] proffered hypothetical facts.'" *Id.* at 963 (quoting *Gorman v. Garlock, Inc.*, 155 Wn.2d 198, 215, 118 P.3d 311 (2005)). We review a trial court's order dismissing a claim under CR 12(b)(6) de novo. *Alpacas of Am., LLC v. Groome*, 179 Wn. App. 391, 396, 317 P.3d 1103 (2014).[4]

Although Szmania raised claims of outrage and emotional distress in his complaint, he appears to challenge only the dismissal of his fraud claim on appeal. Szmania argues the trial court erred when it determined his fraud claim accrued on June 27, 2016—the date Szmania filed a separate action challenging the foreclosure. He contends the "final act of fraud" occurred on October 28, 2016, when Gillingham "auction[ed] off Szmania's paid off home," and that he

---

[4] At one point, Gillingham advised the trial court that he should have filed this CR 12(b)(6) motion as a motion for summary judgment because he had already filed an answer to Szmania's complaint. Szmania objected to Gillingham's request to consider the motion to dismiss as a motion for summary judgment and requested that Gillingham's motion to dismiss be stricken. CR 12(c) permits a motion for judgment on the pleadings after an answer. The trial court ruled that it would consider Gillingham's motion as a CR 12 motion to dismiss.

"'discovered' the fraud in person at the auction on October 28, 2016." Appellant's Opening Br. at 12, 17. Therefore, Szmania argues, he was within the three-year statute of limitations when he filed this case on October 24, 2019. Yet, Szmania also reiterates on appeal that "on July 8, 2016, (the first auction) Gillingham was given material proof by Szmania that Szmania's home was paid off." *Id.* at 11.

RCW 4.16.080(4) provides that actions alleging fraud "shall be commenced within three years," and the cause of action is "not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud." The "discovery rule" is an "exception to the general rule of accrual" that applies where "'injured parties do not, or cannot, know they have been injured.'" *Shepard v. Holmes*, 185 Wn. App. 730, 739, 345 P.3d 786 (2014) (quoting *In re Estates of Hibbard*, 118 Wn.2d 737, 744-45, 826 P.2d 690 (1992)). It is the plaintiff's burden to show that the facts constituting fraud were not or could not have been discovered more than three years prior to the action's commencement. *Douglass v. Stanger*, 101 Wn. App. 243, 256, 2 P.3d 998 (2000).

The statutory period for fraud commences when "the aggrieved party discovers, or should have discovered, the fact of fraud by due diligence and sustains some actual damage as a result therefrom." *Browning v. Howerton*, 92 Wn. App. 644, 651, 966 P.2d 367 (1998). For example, in *Browning*, purchasers sought to challenge a real estate contract because the purchase price in the contract was based on an incorrect understanding of the property's acreage. *Id.* at 645. The understanding was based on a 1992 property tax statement. *Id.* at 646. In 1993, the county conducted an aerial survey and sent a corrected tax statement. *Id.* This court held that the purchasers' fraud claim accrued "as soon as they received the corrected tax statement in February 1993 and realized that they were obligated on a contract with an incorrect price." *Id.* at 651.

"The running of the statute is not postponed by the fact that the substantial damages occur later, and is not postponed until the specific damages occur for which the plaintiff seeks recovery." *Hudson v. Condon*, 101 Wn. App. 866, 875, 6 P.3d 615 (2000). In *Hudson*, Hudson and Condon entered into a partnership agreement to mutually own and manage a building of medical offices, and they entered into nearly identical leases. *Id.* at 869. Condon later amended his lease without notifying Hudson. *Id.* at 874. Division Three rejected an argument that Hudson's fraud claim did not accrue until Condon actually acted upon the changed lease provisions and inflicted substantive damage. *Id.* at 876. It concluded that the claim accrued when Hudson "knew of the wrongful acts" of altering the lease and when Condon's intent to act upon the altered lease provisions was "no longer speculative." *Id.*

Szmania's contention that his fraud claim did not accrue until the "final act of fraud" is contrary to *Browning* and *Hudson*. Appellant's Opening Br. at 12. Once Szmania discovered the facts underlying his fraud claim and damage was no longer speculative, the statute of limitations began to run. RCW 4.16.080(4); *Browning*, 92 Wn. App. at 651; *Hudson*, 101 Wn. App. at 876.

Accepting the facts Szmania alleged in his complaint as true, Szmania's fraud claim accrued by at least July 8, 2016. Szmania represented in his complaint, in his response to Gillingham's motion to dismiss, and on appeal that he personally informed Gillingham that the house was paid off at the first public auction on July 8, 2016. Thus, Szmania knew by this date that his house was for sale at a public auction, that Gillingham was the auctioneer, and that Gillingham's intent to sell Szmania's home was not speculative. Szmania had discovered the basis for his fraud claim. Although Szmania's home was not sold until October, "[t]he running of the statute is not postponed by the fact that the substantial damages occur later." *Hudson*, 101 Wn. App. at 875.

Szmania also suggests Gillingham fraudulently represented that he posted the notice of default and notice of trustee's sale on January 12 and March 9, 2016, respectively, and he argues Gillingham did not actually post the notices on those dates. But this claim is also barred by the statute of limitations in RCW 4.16.080(4). Szmania sent a letter acknowledging that these notices were "supposedly served upon" him on March 28, 2016. CP at 180. Moreover, Szmania admits on appeal that he discovered Gillingham's declarations of posting by August 8, 2016, when the declarations were filed with the federal district court for consideration in Szmania's then-pending litigation. Szmania discovered the facts underlying this alleged fraud more than three years before he filed the complaint in this case. So to the extent Szmania is presenting these facts as a separate fraud claim, this claim is also time barred.

Finally, Szmania also knew by July 8, 2016 that Gillingham was the person auctioning the property. Thus, any claim that Gillingham misrepresented his interest in the auction on the posted documents is barred for the same reasons.

Szmania's fraud claims "'remain[] legally insufficient even under his . . . proffered hypothetical facts,'" so dismissal is appropriate. *FutureSelect Portfolio Mgmt.*, 180 Wn.2d at 963 (quoting *Gorman*, 155 Wn.2d at 215). When Szmania filed this complaint on October 24, 2019, his fraud claims were barred by the statute of limitations. We affirm the trial court's order granting Gillingham's motion to dismiss with prejudice.[5]

---

[5] Szmania also argues Gillingham waived the affirmative defenses of res judicata and collateral estoppel because Gillingham failed to plead them in his answer to Szmania's complaint. Szmania further argues the trial court abused its discretion by "reserving defenses that were not pleaded." Appellant's Opening Br. at 5. Gillingham's answer did include the affirmative defense of "estoppel." CP at 90. Even so, we need not reach the issue of potential additional affirmative defenses because Gillingham's affirmative defense that Szmania's claims were time barred is dispositive.

Szmania also appeals the trial court's order denying his motion for reconsideration on this issue. CR 59(a)(7) allows the trial court to vacate and reconsider an order where an aggrieved party shows that the order "is contrary to law." We review a trial court's order denying reconsideration for abuse of discretion. *Alpacas of Am.*, 179 Wn. App. at 396.

Szmania argued again in his motion for reconsideration that his fraud claim did not accrue until his property was actually sold on October 28, 2016. As discussed above, the trial court properly rejected this argument. We also affirm the trial court's order denying Szmania's motion for reconsideration.

Szmania requests "cost[s], fees and time of value," Appellant's Opening Br. at 36, but he offers no authority in support of this request as required by RAP 18.1(a) and, regardless, he does not prevail on the merits. Accordingly, we decline to award Szmania costs or fees.

## CONCLUSION

We affirm the trial court's order granting Gillingham's motion to dismiss with prejudice, and we affirm the trial court's order denying Szmania's motion for reconsideration.

No. 55066-1-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, J.

We concur:

, C.J.
Lee, C.J.

Maxa, J.